431 P.2d 126

**June SINGLETON, Plaintiff and Appellant,**

**v.**

**George V. ALEXANDER and William J. Greer, a copartnership, dba Carefree Laundry, Defendants and Respondents.**

**No. 10780.**

Supreme Court of Utah.

Aug. 15, 1967.

---

2. See Heiselt v. Heiselt, 10 Utah 2d 126, 130, 349 P.2d 175 (1960).

Sheldon A. Vincenti, I. Gordon Huggins, of Huggins & Huggins, Ogden, for appellant.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for respondents.

ELLETT, Justice:

The plaintiff appeals from a summary judgment wherein the defendants were given judgment for no cause of action and costs.

The action was for injuries sustained when plaintiff slipped in water on the floor of the defendants' coin-operated laundromat.

The defendants took the plaintiff's deposition and filed the affidavit of Wilma G. Alexander, wife of one of the defendants. Thereafter the plaintiff filed her own affidavit. These documents together with the pleadings form the basis for the court's ruling.

It appears that plaintiff entered the laundromat as a paying customer. When she entered, she noticed a small area of water about a foot in circumference on the floor near the restroom, not near her pathway. She dried her clothes, folded them, and put them in a basket, which was about three feet in diameter and from one and a half to two feet high. She spent about a half hour in the laundromat attending to her business. She intended to leave by the same path which she had taken upon enter-

ing. She did not see the water because of the size of the basket, and immediately upon feeling water through her shoes, she slipped and fell.

Neither the defendants nor any employee of theirs was in the building at any time while plaintiff was attending to her business.

At the time plaintiff left, water covered the floor near the door to a depth of from one-fourth to one-half inches, and there was no way out of the laundromat except through the water.

Wilma Alexander stated in her affidavit that when she was called to the laundromat after the fall of plaintiff, she found the toilet to be stuffed with paper and overflowing. The affiant was the manager in charge of the building and had been absent therefrom for approximately an hour and a half before the fall. In her affidavit she stated that it was not customary in the coin-operated laundromat business for anyone on behalf of the ownership to be present at all times.

Plaintiff in her affidavit stated that she observed the building and that there was no drain in the restroom or near thereto. She has no knowledge of the length of time that the water had covered the floor where she fell.

The court was of the opinion that the undisputed facts showed that there was no negligence on the part of the defendants and that they did show contributory negligence on the part of the plaintiff and, therefore, granted the defendants' motion for summary judgment.

Rule 56(c), U.R.C.P., insofar as material here provides as follows:

* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *

It will be noted that a summary judgment can be granted only when it is shown that there is no genuine issue as to any material fact and that the moving party also is entitled to judgment as a matter of law under those facts. The court cannot consider the weight of testimony or the credibility of witnesses in considering a motion for summary judgment. He simply determines that there is no disputed issue of material fact and that as a matter of law a party should prevail.

Summary judgments are more frequently given in contract cases because of greater ease in determining the factual issues. In tort claims defendants frequently rely on affirmative defenses of accord and satisfaction, res adjudicata, collateral estoppel, etc., and such defenses are just as easy to establish as are matters of contract. How-

ever, when it comes to determining negligence, contributory negligence, and causation, courts are not in such a good position to make a total determination for here enters a prerogative of the jury to make a determination of its own, and that is: Did the conduct of a party measure up to that of the reasonably prudent man, and, if not, was it a proximate cause of the harm done? See Moore, Federal Practice, paragraphs 56.15[1.–0], p. 2285, and 56.17[42], p. 2583; Barron and Holtzoff, Fed.Pr. & Procedure, § 1232.1, p. 106.

The case of Melton v. Greyhound Corporation, 5 Cir., 354 F.2d 970, was a case where a passenger in a bus had slipped on some substance in the aisle while the bus was dimly lighted. He did not know how long the substance had been on the floor nor what it was. The driver of the bus testifed in his deposition that he did not see any slippery substance in the aisle either before or after the fall and that the lighting on the bus at the time of the fall consisted of the usual nighttime aisle lights. The trial court granted a summary judgment in favor of the defendant. In reversing that judgment the Fifth Circuit Court of Appeals at page 972 of the Federal Reporter stated:

* * * Important to the present case is the recognition by this Court "that as a general proposition the issue of negligence * * * is ordinarily not susceptible of summary adjudication", but should be resolved by trial in the ordinary manner. [Citation omitted.]

A review of the record in this case demonstrates that genuine issues of material fact, precluding summary judgment, were presented to the court below. Appellant asserted two acts of negligence, permitting a slippery substance to remain on the floor of the bus and insufficient lighting. * * * The existence of any slippery substance was controverted, and this certainly presents a fact issue. Assuming an affirmative finding on this issue, as apparently Greyhound is willing to concede, the evidence presented in the court below is such that a jury could reasonably infer that Greyhound (through its driver) either knew or should have known of the existence of the substance. [Citation omitted.] Regarding the sufficiency of lighting question, Greyhound asserts no negligence on its part because the bus was lighted "in the usual and customary manner". Negligence is not determined, as a matter of law, by what is "usual and customary". It is for a jury to decide if the usual and customary practices are adequate. The open and obvious nature of the lighting and whether appellant assumed the risks attendant with walking down the aisle at night are also questions for the jury. [Citations omitted.] We cannot say, on the record be-

fore us, that "the facts are not only undisputed but are also such that all reasonable men, in the exercise of a fair and impartial judgment, must draw the inference and conclusion therefrom of non-negligence." [Citation omitted.] * * *

In 38 Am.Jur., Negligence § 345, the following language is found:

The right of a party in a negligence action to have the jury pass upon the question of liability becomes absolute * * * when the proof discloses such a state of facts, whether controverted or not, that, in essaying to fix responsibility for the injury or damage, different minds may arrive reasonably at *different conclusions or may disagree* reasonably as to the inferences to be drawn from the facts. Thus, * * * where negligence may reasonably and legitimately be inferred from the evidence, it is for the jury to say whether negligence shall be so inferred. * * * The inferences to be drawn from the evidence must be certain and incontrovertible to be decided by the court; otherwise, they must be determined by the jury. * * *

. The question of the defendant's liability lawfully can be withdrawn from the jury and determined by the court as a question of law when, and only when, the facts are indisputable, being stipulated, found by the court or jury, established by evidence that is free from conflict, and raise an inference which is so certain that all reasonable men, in the exercise of a fair and impartial judgment, must agree upon it and draw the same conclusion. * * *

The case of Lowe v. Salt Lake City, found in 13 Utah at page 91, 44 P. 1050, was a case where defendant sought a dismissal of the case on nonsuit at the end of plaintiff's evidence. In speaking of the matter this court at page 98 of the Utah Reports, 44 P. at page 1051 said:

* * * Before the question of negligence becomes one of law, for the court, the facts shown by the evidence must be such that all reasonable men must draw the same conclusions from them. If the facts proven are such that reasonable men may fairly differ as to whether or not there was negligence, the question is one for the jury to consider.

While that case does not involve summary judgment, it partakes of the nature of summary judgment in that summary judgment requires that there not only be no disputed issues of material fact but that in addition thereto the party must be entitled as a matter of law to the judgment.

It appears that the affidavit filed by Mrs. Alexander wherein she stated that it was customary in coin-operated laundromats for no employee to be present is of no help to the defendants because what is

customary may be negligence, and the court cannot say as a matter of law that because laundromats customarily do not have an employee present, these defendants were not negligent in failing to have one present. The custom in the community would be evidence of negligence or lack thereof, but the jury is not compelled to find that the custom measures up to the required standard of care of the reasonable man.

While plaintiff cannot say how long the water had been upon the floor, a jury might infer from the amount of water and the distance from the toilet bowl that it had been there for a sufficient length of time for an employee to observe it had an employee been on the job.

Plaintiff also stated in her deposition that she was told by the adjuster of defendants' insurance company that the water came from the bottom of the toilet, and the jury might infer negligence from the failure to keep the toilet bowl water-tight. While this evidence is hearsay, it has not been stricken and was for the consideration of the court in determining whether any issues remained to be tried.

The question of contributory negligence on the part of the plaintiff is a matter for jury determination in that the jury might believe from the size of the basket the plaintiff was carrying she would not be expected to see the floor where she was walking and especially where she had come along that path sometime prior thereto and had found no impediment to her travel.

The order granting summary judgment is set aside and the case remanded for further proceedings not inconsistent with this decision. Costs to the plaintiff.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.