97 N.J. Super. 265 (1967)
235 A.2d 30
MARY BERGEN AND JOHN BERGEN, PLAINTIFFS-APPELLANTS,
v.
VIRGINIA KOPPENAL AND WALL TOWNSHIP, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 2, 1967.
Decided October 24, 1967.
*267 Before Judges SULLIVAN, FOLEY and LEONARD.
Mr. Leslie S. Kohn argued the cause for appellants.
Mr. Stephen C. Carton argued the cause for respondent Wall Township (Messrs. Carton, Nary, Witt & Arvanitis, attorneys).
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
Plaintiffs appeal from an order of involuntary dismissal with prejudice in favor of defendant Wall Township granted at the close of plaintiffs' case.
The case arises out of a two-car collision at the intersection of State Highway 34 and Airport Road in Wall Township. The intersection is controlled by traffic lights erected and maintained by the State Highway Department.
The intersection is so designed that a motorist proceeding north on Route 34 and intending to turn west on Airport Road would go around a jughandle on the easterly side of Route 34 and then cross the highway at the intersection when the traffic light changed to green for east-west traffic.
It was undisputed that the township's police officers, as part of their duties, were assigned to patrol that part of Route 34 within the municipal limits. See R.S. 39:5-1. This included investigating accidents on the highway and reporting any dangerous condition in and about the same.
On the date in question, at about 6:16 A.M., a township police officer noted that the traffic light which controlled southbound traffic on Route 34 had broken loose and turned, and was facing in an easterly direction. He radioed the information into headquarters and an entry was made in the log that the desk call the Highway Department after 8 A.M. The township police made no effort to warn highway users of the damaged light.
At about 8:45 A.M. that morning, defendant Virginia Koppenal was proceeding north on Route 34 intending to go west on Airport Road. She had been traveling this route *268 each working day for about a year. She went around the jughandle and was stopped for about 30 seconds when she noticed the twisted light shining green in her direction. She started through the intersection and collided with plaintiffs' vehicle, which was proceeding north on Route 34 and actually had the green light in its favor.
After the accident a township police officer reported to the scene to "conduct traffic so that there would be an even flow of traffic continuing down on Route 34."
In dismissing plaintiffs' suit against the municipality the trial court held that the township was not responsible because it had no control over the traffic light. It further held that under Hoy v. Capelli, 48 N.J. 81 (1966) the jury could not be allowed to pass on the reasonableness of the township's action because the decision as to what action to take in the circumstances was a discretionary and legislative function which could not form the basis of tort liability. In effect, the trial court held that as a matter of law the township was under no duty to act.
Plaintiffs' suit against Mrs. Koppenal was submitted to the jury which returned a verdict in favor of plaintiffs for $40,500. This judgment has been only partially satisfied.
In this era of expanding municipal tort liability the traditional proprietary-governmental test has fallen into disrepute. B.W. King, Inc. v. Town of West New York, 49 N.J. 318 (1967). Instead, the relevant inquiry is whether or not the municipality is under a duty to act, as distinguished from a situation where the taking of any action is discretionary, or the matter involves the making of a basic governmental policy decision. Hoy v. Capelli, supra; Visidor Corp. v. Borough of Cliffside Park, 48 N.J. 214 (1966); Amelchenko v. Borough of Freehold, 42 N.J. 541 (1964). Once such duty is found to exist, the municipality is held to the standard of reasonable action under the circumstances.
Applying the foregoing principles, we conclude that the involuntary dismissal in favor of Wall Township was improperly granted. In the exercise of its police authority *269 over that portion of the state highway within municipal limits, the township was under a duty to those using the highway to protect such persons from dangers and risks inhering in the use of the highway. See Hartman v. City of Brigantine, 42 N.J. Super. 247 (App. Div. 1956), affirmed 23 N.J. 530 (1957). Manifestly, the damaged traffic light which the township police officer discovered and reported was a potentially hazardous condition. Indeed, the trial judge stated that in his judgment the damaged light "probably caused this accident." As noted by Chief Justice Weintraub in Goldberg v. Housing Authority of City of Newark, 38 N.J. 578 (1962):
"Whether a duty exists is ultimately a question of fairness. The inquiry involves a weighing of the relationship of the parties, the nature of the risk, and the public interest in the proposed solution." (at p. 583)
The situation presented herein is not the type of discretionary action or basic governmental policy decision referred to in such cases as King, Visidor, Hoy and Amelchenko, supra.
Also, under the circumstances presented, we find that it was fairly debatable whether the township (through its agents) acted in a reasonable manner and fulfilled its duty to safeguard persons using the highway by merely reporting the damaged light to the State Highway Department. The jury should have been permitted to pass on this factual issue.
We find no merit in defendant's argument that on appeal plaintiffs have shifted the factual basis on which they seek to charge the township with tortious wrongdoing. Although their cause of action is poorly pleaded, it is apparent from the record, and particularly from defendant's motion for an involuntary dismissal, that plaintiffs' present basis of suit was the one which the trial court considered and dismissed.
The case must be retried and the issue of the reasonableness of defendant's conduct and the fulfillment of its duty *270 to plaintiffs submitted to the jury. In the event liability is found, the jury must make a new award of damages as against the township. Plaintiffs concede that the previous award of $40,500 made after defendant's motion for an involuntary dismissal had been granted is not binding on this defendant.
Under the particular circumstances herein presented, we do not consider that co-defendant Koppenal is an indispensable party to further proceedings in this case. Cf. Ferry v. Settle, 6 N.J. 262 (1951); Tedeschi v. Silver Rod-Paterson Inc., 15 N.J. Super. 322 (App. Div. 1951). We do not retain jurisdiction.
Reversed and remanded.