495 P.2d 1251

Ruby WEST, Plaintiff and Appellant,

v.

PROVO CITY CORPORATION, a municipal corporation, Defendant and Respondent.

No. 12644.

Supreme Court of Utah.

March 29, 1972.

Pete N. Vlahos and Gary L. Gale, of Vlahos & Gale, Ogden, for plaintiff and appellant.

Glen J. Ellis, Provo, for defendant and respondent.

HENRIOD, Justice.

Appeal from a no cause of action summary judgment in favor of the City, on timely motion made therefor by the City. Affirmed.

Plaintiff alleged that while walking on a snow-covered sidewalk she slipped and fell, asking damages for injuries sustained on account of the City's "negligence . . . in allowing accumulation of ice on a sidewalk located in the business section . . .." No specific act of negligence other than the alleged accumulation was evidenced by affidavit or otherwise.

Plaintiff urged that statutory sanction to regulate sidewalks [1] gave the City no agency by ordinance [2] to delegate its authority to maintain sidewalks to abutting owners. This may be true, but that fact is not of controlling moment here, and we need not decide that point. The authorities generally [3] and we particularly [4] adhere to the principle that a city is not liable for injuries occurring on sidewalks caused by natural accumulation of falling snow or formation of ice,—without some other and independent tortious act or omission constituting compensable negligence,—and we so hold.

CALLISTER, C. J., and TUCKETT and CROCKETT, JJ., concur.

ELLETT, Justice (dissenting).

I could agree with the prevailing opinion if it did no more than hold that the complaint failed to state a cause of action. The plaintiff then could amend her complaint to show facts which might give her a right to recover, but to sustain the ruling of the trial court granting a summary judgment precludes the plaintiff from ever showing negligence on the part of the defendant.

The motion for a summary judgment and the judgment made pursuant thereto are premised upon an erroneous assumption as to what the law is. The order of the court states the error clearly, to wit:

The court finds that pursuant to Title 10–8–23, Utah Code Annotated, 1953, Provo City was empowered to delegate the responsibility for the maintenance of sidewalks to the abutting land owner, and having exercised said authority pursuant to ordinance, and the abutting owners having assumed the responsibility

1. Title 10–8–23, Utah Code Annotated 1953.

2. Provo City Ordinances (1964), Sec. 12.-52.150.

3. Rhyne, Municipal Law (1957), Sec. 30–16, p. 758; 21 Minn.Law Rev. 704;

Smith v. Distr. of Col., 89 U.S.App.D.C. 7, 189 F.2d 671, 39 A.L.R.2d 773.

4. Berger v. Salt Lake City, 56 Utah 403, 191 P. 233, 13 A.L.R. 5 (1920).

for the sidewalks, the Court finds that there is no duty to keep the sidewalks of Provo City clear of snow and ice on defendant, and defendant's motion for a summary judgment is therefore granted.

While Section 10–8–23, U.C.A.1953, purports to give cities the right to require owners of real property to remove ice and snow from sidewalks adjoining the property, it does not relieve the cities from their primary duty to keep the sidewalks free from dangerous conditions.

The law is stated in 39 Am.Jur.2d, Highways, Streets, and Bridges, as follows:

§ 430. The responsibility of the public authority to maintain its highways and streets in a reasonably safe condition for travelers cannot be delegated to another so as to relieve the public authority from liability in the event that one is injured by reason of defects therein, at least in the absence of action by the legislature expressly relieving the public authority from liability in this respect. The actual work of maintenance may be assigned to others, but not the ultimate responsibility therefor. . . .

§ 508. The factual requirements with respect to the removal of snow and ice by a municipality are different as to sidewalks and crosswalks because sidewalks are designed primarily for the use of pedestrians, whereas crosswalks are a part of the street or roadway designed primarily for the use of vehicles. Nevertheless, the general rule as to the duty of a municipality in regard to ice and snow on crosswalks is the same as that laid down in respect to sidewalks; that is, it is bound to use reasonable care to see that they are reasonably safe for travel. . . .

. . . The municipality may be held liable, however, where there is an accumulation of ice and snow which renders the crossing especially dangerous, particularly where it permits the snow and ice to accumulate in such a way and to remain there for such a length of time as to constitute a nuisance. . . .

§ 509. . . . By and large, the duty resting on municipalities to remove accumulations of snow and ice from their sidewalks from time to time is a qualified one, and becomes imperative only when dangerous formations or obstacles have been created and notice of their existence has been received by the municipalities. Where ice or snow accumulates upon a sidewalk in the ordinary manner, the municipality must be allowed due time to remove it, or so to deal with the conditions as to render the walks as reasonably safe as could ordinarily be expected under the circumstances, . . . ..

§ 511. Since the duty of the public authority to exercise reasonable care to keep its sidewalks and streets reasonably

safe is one which it cannot delegate to abutting owners, it is generally held that a statute or ordinance imposing upon an abutting owner the duty to remove, or to sand, snow or ice upon the sidewalk does not relieve the public authority from its primary obligation to keep the sidewalks safe for walking. . . .

I have no complaint to make of the case of Berger v. Salt Lake City,[1] wherein it was held that Salt Lake City was not liable to Mrs. Berger for injuries she received from a fall on an icy sidewalk. The facts of that case were set forth by this court as follows:

The evidence on the part of the plaintiff is to the effect that on Christmas Day preceding the accident there was an unusually heavy fall of snow in Salt Lake City; that much snow had fallen during the month of December, 1916, and that some more fell in January, 1917, before the accident; that the city had attempted to clear the sidewalks, including the one in question, with a snowplow; that the pedestrians had, however, tramped down the snow, and the snowplow did not clear the walks; that the accident occurred in front of a vacant house, at which place snow to a considerable depth was left on the sidewalk for the reason that the snow had been tramped down and the snowplow had passed over it; that the surface of the snow at the point in question was rough and uneven. . . .

In reversing the judgment in favor of Mrs. Berger, this court found no negligence because of the difficulty which snow removal from the sidewalks would entail upon the city. It said:

. . . If the cities and towns of this mountain country are to be charged with being negligent for not removing the natural accumulations of snow and ice from sidewalks, then negligence may be found to exist although the acts or omissions which are charged as negligent cannot by any reasonable effort be avoided. In this mountain country, where the cities and towns are located at an altitude of from 4,000 to 7,000 feet, and are, in some instances at least, located upon more or less steep inclines, and where the snowfall at times is great and continuous for a considerable period of time, . . .

Negligence, in the eye of the law, consists in doing or omitting to do any act which an ordinarily prudent and careful person under the same circumstances would do or omit to do. The law does not condemn an act or omission as negligent which can only be done or prevented by the exercise of extraordinary exertion or care or by the expenditure of extraordinary sums of money. . . .

1. Berger v. Salt Lake City, 56 Utah 403, 191 P. 233 (1920).

It appears that there has been a change in the local climatic conditions since the Berger case was tried, for if we did not take judicial notice of the fact, our Chamber of Commerce would convince us that it is no longer in this area true that "snowfall is great and continuous for a considerable period of time."

The city has a nondelegable duty to keep its sidewalks in a reasonably safe condition for travel by pedestrians, and naturally a greater effort is required downtown in the business district where many people will be upon the sidewalk than will be required in the remote sections of the city in front of a vacant house as was the fact in the Berger case.

The defendant in this case is not liable to the plaintiff for a fall due to natural accumulation of snow upon a sidewalk but may be held liable to her for negligence in failing to maintain its sidewalks in a safe condition,[2] provided that the dangerous condition can be remedied without an unreasonable effort or expense on its part.

We do not know how long the snow had remained upon the sidewalk or what notice the defendant had regarding the condition. These are matters which were neither available to nor considered by the court in its ruling. I do not think the defendant is entitled to a summary judgment under the law and based upon the facts of the case, and I would reverse the trial court and remand the matter for such further proceedings as may be proper and would award no costs.

2. Sec. 63-30-8, U.C.A. 1953, Replacement Vol. 7A.