Arthur L. MURRAY, Plaintiff and Appellant,

v.

OGDEN CITY, a Municipal Corporation, and the Standard Corporation, a Utah Corporation, Defendants and Respondents.

No. 14249.

Supreme Court of Utah.

April 9, 1976.

**2.** 4 Utah 2d 153, 289 P.2d 1044 (1955).

**3.** 528 P.2d 141 (Utah 1974).

Pete N. Vlahos, Vlahos & Knowlton, Ogden, for plaintiff and appellant.

Merlin R. Lybbert and Kim R. Wilson, Worsley, Snow & Christensen, Salt Lake City, for Ogden City.

Leonard H. Russon, Hanson, Wadsworth & Russon, Salt Lake City, for Standard Corp.

ELLETT, Justice:

The appellant, Mr. Murray, fell into a hole in the sidewalk of Ogden City and which was adjacent to property owned by Standard Corporation. The hole when originally constructed had contained a water meter used by Ogden City in its proprietary capacity. However, some four years prior to the evening in question the meter had been removed and the hole remained in the sidewalk, covered with a loose iron circular lid which fitted into a ring flange, all even with the surface of the sidewalk.

Ogden City and Standard Corporation each filed affidavits to the effect that they had never known of any defects in the iron lid, or that anyone had ever made any complaint regarding the lack of safety of the hole. Based thereon, the court granted a summary judgment to each defendant, and this appeal followed.

When Ogden City removed the meter from the hole it ceased to use the hole in its proprietary capacity, and the iron lid over the hole became a part of its sidewalk which is a part of its public streets.

A city is charged with the nondelegable duty to exercise due care in maintaining streets and sidewalks within their corporate limits in a reasonably safe condition for travel.[1]

The City claimed in its answer governmental immunity. That claim fails in view of the language of Section 63-30-8, U.C.A.1953, which reads as follows:

Immunity from suit of all governmental entities is waived for any injury caused by a defective, unsafe, or dangerous condition of any . . . sidewalk . . . .

It seems to us that when the City abandoned the hole as a place for a water meter a jury may find that it should have foreseen that the iron lid might have become unseated, thereby resulting in a trap for anyone who might step upon it. There

[1]. *Rollow v. Ogden City*, 66 Utah 475, 243 P. 791 (1926) ; *Nyman v. Cedar City*, 12 Utah 2d 45, 361 P.2d 1114 (1961).

was no use of the abandoned hole for four years, and prudence might have dictated that the lid should have been more securely attached to the circular flange by means of a spot weld or by a bolt. At least it appears to us that a jury question is presented as to whether Ogden City acted with due care in leaving a loose lid secured in the flange only by its weight.

The summary judgment granted to Ogden City is hereby reversed and the case remanded for further proceedings.

■ Standard Corporation did not own the property adjoining the sidewalk when the meter was installed by the City. It had no duty to repair the sidewalk or to fill the hole after the removal of the meter. The summary judgment in its favor is therefore affirmed.

Mr. Murray is entitled to his costs as against Ogden City, while Standard Corporation is entitled to its costs against Mr. Murray.

CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

HENRIOD, C. J., dissents.