Kristine H. BOWEN and Cynthia Bowen, an infant by Nathaniel Bowen, her guardian ad litem, Plaintiffs and Appellants,

v.

RIVERTON CITY, a municipal corporation, Sterling R. Draper and Enoch Smith Sons Company, Defendants and Respondents.

No. 17732.

Supreme Court of Utah.

Nov. 4, 1982.

John G. Mulliner, Orem, Gary B. Ferguson, Salt Lake City, for plaintiffs and appellants.

Raymond Berry, Salt Lake City, for defendants and respondents.

STEWART, Justice:

In this personal injury action, plaintiffs appeal an adverse summary judgment on the ground that there are issues of material fact which should be tried by a jury. Riverton City, the defendant, seeks affirmance of the summary judgment and, in the alternative, argues that plaintiffs failed to file a timely notice of appeal and that the appeal should therefore be dismissed. We reverse the summary judgment and remand for a trial on the merits.

At approximately 1:08 p.m. on Saturday, April 9, 1978, two cars collided at the intersection of 12600 South and 2700 West in Riverton, Utah. The vehicle driven by plaintiff Kristine Bowen was westbound on 12600 South. The other vehicle, driven by Sterling Draper, was travelling north on 2700 West. Traffic on 2700 West is required to stop and yield the right of way to traffic on 12600 South. However, on the day of the accident, the stop sign regulating northbound traffic on 2700 West was lying on the ground and the Draper and Bowen automobiles collided in the intersection.

Prior to the accident, a passing motorist noticed the sign was down and notified Riverton City at 12:50 p.m., approximately eighteen minutes before the accident. A Riverton City employee responded to the notice of the fallen sign, but arrived after the accident.

On November 29, 1978, the Bowens filed suit (Bowen suit) against Sterling Draper, Riverton City, and Enoch Smith Sons Company, a construction company that had worked on the intersection the day prior to the accident. On January 25, 1979, Draper filed suit (Draper suit) against Kristine Bowen, Riverton City, and Enoch Smith Sons Company. The Bowen suit alleged that Riverton City was negligent in maintaining the stop sign and in responding negligently when it received notice of the downed stop sign. Crossclaims and counterclaims were subsequently filed by the defendants. On motion of Riverton City, the trial court ordered the Bowen and Draper cases consolidated pursuant to Utah R.Civ.P. 42(a).

On January 26, 1981, the trial court granted summary judgments for Riverton City in both the Draper and the Bowen actions. On January 27, 1981, summary judgment was granted in favor of Enoch Smith Sons Company, a defendant in the Draper action, and against all other parties. On February 2, 1981, the Bowens, as plaintiffs in the Bowen action and as crossdefendants in the Draper action, filed a "notice of intent to appeal" the summary judgment entered in favor of Riverton City. On March 25, 1981, pursuant to stipulation, the trial court awarded Bowens a money judgment against Sterling Draper in the Bowen action. On April 13, 1981, counsel for Sterling Draper, Florence Draper, Kristine Bowen, and Cynthia Bowen stipulated and agreed that all claims, counterclaims and crossclaims set forth in the Bowen and Draper actions could be dismissed with prejudice, except for claims against Riverton City, since such claims, counterclaims and crossclaims had been fully compromised and settled. On the same day the parties remaining in the Bowen and Draper actions

moved for an order dismissing the actions since all matters but for the claims against Riverton City had been compromised and settled. On April 13, 1981, pursuant to the motions and stipulations filed by the parties in both actions for dismissal with prejudice and in an order bearing the heading and numbers of both the Bowen and Draper actions, the court ordered that all claims, counterclaims and crossclaims, except for the claim of Kristine Bowen against Riverton City, be dismissed with prejudice. On May 12, 1981, Bowens filed a notice of appeal in the Bowen suit.

Riverton City claims that the final judgment in the Bowen suit was rendered March 25, 1981, and since the notice of appeal was not filed within the jurisdictional one-month period from that time, this Court lacks jurisdiction to entertain this appeal.[1] The Bowens, on the other hand, argue that the final judgment in these cases was not entered until the order dated April 13, 1981. Since the Bowens filed their notice of appeal within one month from that date, they contend the appeal is properly before this Court.

■ Since failure to file a timely notice of appeal is jurisdictional, this Court lacks jurisdiction to hear an appeal if notice was not timely filed. *In re Ratliff,* 19 Utah 2d 346, 431 P.2d 571 (1967); *Anderson v. Anderson,* 3 Utah 2d 277, 282 P.2d 845 (1955).

■ Without deciding whether consolidated actions should be treated as a single action for purposes of appeal,[2] we shall deal with the actions in this case as separate and distinct for determining the timeliness of appeal. Nevertheless, we hold the April 13 order, entered pursuant to the stipulation of counsel in both actions, is the final judgment in each case for the purpose of calculating the timeliness of the appeal. Calculating the timeliness of the appeal as of the entry of that order dismissing all claims,

counterclaims, and crossclaims in both actions, we hold the Bowens timely filed this appeal.

The next issue is whether summary judgment was appropriately awarded to Riverton City in this action. The Bowens assert that Riverton City was not only negligent in maintaining the stop sign but also responded negligently upon receiving notice that the sign was down.

■ Summary judgment is proper only if the pleadings, depositions, affidavits and admissions show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *In re Williams' Estates,* 10 Utah 2d 83, 348 P.2d 683 (1960). If there is any doubt or uncertainty concerning questions of fact, the doubt should be resolved in favor of the opposing party. Thus, the court must evaluate all the evidence and all reasonable inferences fairly drawn from the evidence in a light most favorable to the party opposing summary judgment. *Durham v. Margetts,* Utah, 571 P.2d 1332 (1977); *Thompson v. Ford Motor Co.,* 16 Utah 2d 30, 395 P.2d 62 (1964). Although summary judgment may on occasion be appropriate in negligence cases, it is appropriate only in the most clear-cut case. *FMA Acceptance Co. v. Leatherby Insurance Co.,* Utah, 594 P.2d 1332 (1979). *See Preston v. Lamb,* 20 Utah 2d 260, 436 P.2d 1021 (1968). In *Singleton v. Alexander,* 19 Utah 2d 292, 294, 431 P.2d 126, 128 (1967), this Court stated:

Summary judgments are more frequently given in contract cases .... However, when it comes to determining negligence, contributory negligence, and causation, courts are not in such a good position to make a total determination for here enters a prerogative of the jury to make a determination of its own, and that is: Did the conduct of a party meas-

1. Utah R.Civ.P. 73(a) provides in part: "[T]he time within which an appeal may be taken shall be one month from the entry of the judgment or order appealed from .... A party may appeal from a judgment by filing with the district court a notice of appeal ...."

2. See generally *State ex rel. Pacific Intermountain Express Inc. v. Dist. Court of Second Judicial Dist.,* Wyo., 387 P.2d 550 (1963); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2386 (1971).

ure up to that of the reasonably prudent man, and, if not, was it a proximate cause of the harm done?

■ In evaluating the facts of this case in a light most favorable to the Bowens, we hold that summary judgment in favor of Riverton City was improperly awarded. The city has a nondelegable duty to exercise due care in maintaining streets within its corporate boundaries in a reasonably safe condition for travel, *Murray v. Ogden City,* Utah, 548 P.2d 896 (1976); *Sweet v. Salt Lake City,* 43 Utah 306, 134 P. 1167 (1913); *Bills v. Salt Lake City,* 37 Utah 507, 109 P. 745 (1910), and the city may be held liable for injuries proximately resulting from its failure to do so. *Nyman v. Cedar City,* 12 Utah 2d 45, 361 P.2d 1114 (1961). *See also* U.C.A., 1953, §§ 41–6–22 and 63–30–8. In fulfilling this duty, it is necessary for cities to maintain traffic signals in a reasonably safe, visible, and working condition. *Smith v. City of Preston,* 97 Idaho 295, 543 P.2d 848 (1975). Whether the city fulfilled its duty to maintain the city streets in a safe condition in the instant case is a question of fact to be determined by the jury. *See Shugren v. Salt Lake City,* 48 Utah 320, 159 P. 530 (1916).

In Riverton City's answers to the Bowens' interrogatories, it stated that visual inspections were made by city personnel of all traffic signs within Riverton City on an annual basis to insure that the signs were in place. It is arguable that Riverton City was negligent in not conducting immediate inspections of signs where road maintenance work was done. Reasonable persons might differ as to whether the annual inspections conducted by Riverton City were sufficient under the circumstances. Enoch Smith workers present at the intersection the day before the accident stated that the sign was loose and blowing in the wind.

■ Riverton City argues that the eighteen minutes between its receipt of notice and the accident was insufficient time to take corrective action. Of course, a jury might so find. But clearly, a municipality has a duty to respond in a reasonable fashion once it is on notice of a defective sign or

signal. *Gaspard v. Stutes,* La.App., 380 So.2d 201 (1980); *Bergen v. Koppenal,* 97 N.J.Super. 265, 235 A.2d 30 (1967), app'd 52 N.J. 478, 246 A.2d 442 (1968). In *Lochbaum v. Bowman,* La.App., 353 So.2d 379, 381 (1978), the court stated:

> [T]here was no attempt [by the highway department] to notify law enforcement personnel to direct traffic until repairs could be accomplished. The Department's radio operator simply notified the service man on call, who got dressed, went to the office to pick up tools, and finally arrived on the scene after the accident had occurred.
>
> We conclude that the Department was negligent both in failing to properly maintain the traffic signal at the intersection and in failing to take steps when notified of the malfunction to alert the proper authorities so that traffic at the intersection could be directed manually until repairs could be accomplished.

After notice was received in the instant case, Riverton City responded by sending an individual to repair the sign rather than calling the police to regulate traffic until the sign could be raised. Whether it should, and if so could, have responded more effectively and quickly is a matter for trial.

Reversed and remanded for trial. No costs.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.