Dolores L. GURULE, Plaintiff and Appellant,

v.

SALT LAKE CITY BOARD OF EDUCATION, Defendant and Respondent.

No. 17974.

Supreme Court of Utah.

March 23, 1983.

Robert L. Lord, Salt Lake City, for plaintiff and appellant.

Tim Dalton Dunn, Salt Lake City, for defendant and respondent.

DURHAM, Justice:

This is an appeal from an order dismissing the plaintiff's complaint for injuries suffered when she slipped and fell on an icy sidewalk leading to a side entrance of the Lincoln Elementary School in Salt Lake City. The defendant Salt Lake City Board of Education moved for summary judgment based on the case of *West v. Provo City Corporation*, 27 Utah 2d 306, 495 P.2d 1251 (1972). The trial court granted the defendant's motion and dismissed the plaintiff's complaint. We reverse.

On appeal, the plaintiff advances two points of error. First, the plaintiff claims that the trial court erred in granting the defendant's motion for summary judgment on the grounds of governmental immunity. Second, the plaintiff argues that the trial court erred in granting the defendant's motion for summary judgment because genuine issues of material fact are present.

The plaintiff's first assignment of error is without merit because it does not appear that the trial court based its decision on governmental immunity, but rather on the holding of *West v. Provo City Corp., supra.* Since there is no claim that the defendant is immune from suit in an action such as this, we will examine its claim that it was not negligent as a matter of law under the facts of this case.

In the *West* decision, this Court held that "a city is not liable for injuries occurring on sidewalks caused by natural accumulation of falling snow or formation of ice,—without some other and independent tortious act or omission constituting compensable negli-

gence ...." *Id.* at 307, 495 P.2d at 1251 (citing *Berger v. Salt Lake City,* 56 Utah 403, 191 P. 233 (1920)). The *West* and *Berger* decisions follow the overwhelming weight of authority which recognizes that it is virtually impossible for a governmental entity to keep the hundreds of miles of sidewalk within its boundaries free from snow and ice. *See, e.g.,* 1A C. Antieau, *Antieau's Local Government Law* § 11.202 at 11–310 (1983); 3 E. Yokley, *Municipal Corporations* § 461(d) at 89 (1958 & Supp. 1980).

The facts in the *West* and *Berger* decisions, however, are distinguishable from those in the present case. Unlike the present case, the sidewalks in the *West* and *Berger* cases did not lead and provide access to a building owned, used and controlled by the governmental entity. Under these circumstances, it has been stated that:

> For negligent failure to remove ice and snow from sidewalks in front of municipal buildings local governments should be liable on the same terms as private property owners.

1A C. Antieau, *supra* at 11–311. Furthermore, school boards and districts have a duty to maintain their buildings and grounds. "The duty is one of reasonable care to keep the premises in a safe condition and to remove dangers." 3A C. Antieau, *supra* § 30Q:14.10 at 30Q–297. Thus, if found to be negligent, the defendant should be held accountable for its conduct in the same manner as that of a private property owner. *See* 1A C. Antieau, *supra* at 11–311. *See also, e.g., Martin v. Safeway Stores Inc.,* Utah, 565 P.2d 1139 (1977) (stating that property owners, while liable for negligent conduct, are not insurers of the safety of those who come on their property).

The plaintiff was entitled to a trial on the issue of the defendant's alleged negligence in failing to maintain in a safe condition the sidewalk providing access to its school building. Thus, the trial court's granting of summary judgment was error. *See Bowen v. Riverton City,* Utah, 656 P.2d 434 (1982) (stating that summary judgment is generally inappropriate for negligence cases).

The trial court's order dismissing the plaintiff's complaint is therefore reversed and this case is remanded for trial. No costs awarded.

HALL, C.J., and OAKS, STEWART and HOWE, JJ., concur.