**Ronald L. INGRAM, Plaintiff and Appellant,**

v.

**SALT LAKE CITY, a municipal corporation, Defendant and Respondent.**

**No. 21007.**

Supreme Court of Utah.

Jan. 29, 1987.

Robert M. McRae, Vernal, for plaintiff and appellant.

Donald J. Purser, Salt Lake City, for defendant and respondent.

PER CURIAM:

Plaintiff Ronald L. Ingram appeals from a summary judgment in favor of Salt Lake City on grounds that the city was immune from suit under the Utah Governmental Immunity Act. We reverse for a trial on the merits.

Ingram was injured when he stepped on a manhole cover located on a parking strip between the sidewalk and the curb in the Sugarhouse area where the city had undertaken a beautification program. The cover gave way under Ingram's weight, and he was trapped in the vault.

Salt Lake City had hired Okland Construction Company, which had performed the construction work in accordance with plans and specifications and directives given by the city. After trial proceeded against Okland, the jury found that Okland's workmanship in installing the meter vault and lid met the standard of care normally expected of contractors. No appeal is taken from that verdict.

Summary judgment is proper only if the pleadings, depositions, affidavits, and admissions show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *Bowen v. Riverton City*, 656 P.2d 434 (Utah 1982). Although summary judgment may on occasion be appropriate in negligence cases, it is appropriate only in the most clear-cut case. *Id.* at 436; *accord Apache Tank Lines, Inc. v. Cheney*, 706 P.2d 614 (Utah 1985).

Of plaintiff's several arguments, we address only those raised by him in the trial court below. *Bailey v. Deseret Federal Savings & Loan Association*, 701 P.2d 803 (Utah 1985). Plaintiff claims that the city's claim for governmental immunity must fail in view of section 63–30–8 of the Governmental Immunity Act (the Act), which states:

> Immunity from suit of all governmental entities is waived for an injury caused by a defective, unsafe, or dangerous condition of any highway, road, street, alley, crosswalk, sidewalk, culvert, tunnel, bridge, viaduct or other structure located thereon.

Defendant interposes section 63–30–9 and section 63–30–10(1)(d) of the Act, claiming that either the latent defect of the manhole lid or the city's failure to inspect constituted exceptions to the waiver of immunity under the Act.

■ The city has a nondelegable duty to exercise due care in maintaining streets and sidewalks within its corporate boundaries in a reasonably safe condition for travel and may be held liable for injuries proximately resulting from its failure to do so. *Bowen* at 437; *Murray v. Ogden City*, 548 P.2d 896 (Utah 1976). Streets from side to side, including the sidewalks and all area between, are primarily for the public use. The public use is paramount. *Stringham v. Salt Lake City*, 114 Utah 517, 201 P.2d 758 (1949); U.C.A., 1953, § 10–8–23; U.C.A., 1953, §§ 27–14–2, –3(3). The parkways are part of the public streets designed for the use of the public. *Stringham* at 529 (Wolfe, J., concurring in the result.)

Salt Lake City attempts to distinguish *Murray* and *Bowen* on the grounds that in the former, the plaintiff fell into a hole on the sidewalk and in the latter, the city's maintenance of a city street was at issue, whereas here the vault was not located on a public street. Both statutes and case law hold otherwise, and the city may not rely on section 63–30–10(1)(d) of the Act to torture the facts of this case into the provisions of that section. *Cf. Andrus v. State*, 541 P.2d 1117 (Utah 1975).

Alternately, Salt Lake City claims that the defective water meter lid should be governed by section 63–30–9 which does not waive immunity for a *latent* defective condition. A "latent defect" is a defect which reasonably careful inspection will not reveal. *Vincent v. Salt Lake County*, 583 P.2d 105, 107 (Utah 1978). Both parties offered affidavits in support and opposition of their respective motions for summary judgment. The city offered the affidavit of the project supervisor, who stated that Okland was specifically instructed by Salt Lake City to reuse existing frames, lids, and gratings and to follow those specifications in raising the water meter lid to the new grade. Salt Lake City's project engineer submitted an affidavit stating that when properly centered, the lid could be walked on but if off center, it might constitute a hazard. Ingram offered an affidavit of the public works director of Vernal City which stated that the absence of a ring-secured device violated reasonable and ordinary construction standards. Ingram also offered the affidavit of a licensed plumbing contractor who was acquainted with the proper plumbing standards in installing manhole lids in areas subject to pedestrian and vehicle traffic. The plumbing contractor averred that the manhole lid did not sit in a ring-type device to prevent it from sliding when weight was applied to the edge of the lid. He stated that under long-standing safety standards in the plumbing industry, there were numerous methods available to insure proper industry standards in raising a manhole to a higher level.

■ What constitutes a defective, unsafe, or dangerous condition of a parkway or a latent defect of a water meter lid presents a question of fact that is properly answered by a jury. A conclusion in an affidavit that reasonable inspection would not discover the defect may not form the basis for summary judgment. Ingram's affidavit raised an issue of fact as to whether the manhole cover was defective,

unsafe, or dangerous. Summary judgment was therefore not proper. *Williams v. Melby*, 699 P.2d 723 (Utah 1985). A jury may well decide that a twenty-one-inch diameter manhole lid placed haphazardly over a vault without a ring-type device constitutes an unsafe or dangerous condition. The hazard created by a lid that stays in position through its own weight will not be apparent upon view. *Taverna v. City of Hoboken*, 43 N.J.Super. 160, 128 A.2d 11 (1956). Whether visual inspection alone of that lid constitutes a reasonably careful inspection or whether physical testing should be required is likewise for the jury to decide.

The summary judgment is vacated, and the case is remanded for a trial on the merits.