504 P.2d 29

**UNIVERSITY CLUB, a nonprofit Utah corporation, Plaintiff and Appellant,**

v.

**INVESCO HOLDING CORPORATION, a New York corporation, and Wasatch Realty Corporation, a Utah corporation, Defendants and Respondents.**

No. 12792.

Supreme Court of Utah.

Dec. 7, 1972.

Jones, Waldo, Holbrook & McDonough, Robert M. McDonald, H. R. Waldo, Jr., Salt Lake City, for plaintiff and appellant.

Worsley, Snow & Christensen, Joseph J. Palmer, Salt Lake City, for defendants and respondents.

CROCKETT, Justice:

University Club, Inc., of downtown Salt Lake City, sues its landlord Invesco, Inc., to recover approximately $30,000 damage allegedly incurred because of failure of the air conditioning system, and the necessity of installing auxiliary equipment. On the basis of the pleadings, documentary evidence, answers to interrogatories, and affidavits, the defendant moved for summary judgment.[1] The trial court granted defendant's motion (except allowance of rent abatement of $605 to plaintiff). Plaintiff appeals.

The business and office building known as the University Club at 136 East South Temple, Salt Lake City, was constructed during the 1960's. It was planned that plaintiff, University Club, Inc., a private social club which provided the usual club facilities, including food services, would occupy the top two floors. On November 7, 1963, a lease was entered into with the then owners. After defendant Invesco acquired ownership, the lease was amended in certain particulars in October 1967. The rent plaintiff pays is in two components, $3600 per year plus $1213.30 per month.

---

1. As permitted by Rule 56(c) U.R.C.P. where, under facts as shown, the moving party is entitled to judgment as a matter of law.

The lease expressly provides that the lessor (defendant Invesco) will furnish adequate air conditioning and keep it in repair. On July 18, 1969 the system failed. The reason and whose fault is not material here, but it appears to have been caused by the use of excess acid therein by those who serviced it for defendant. On the succeeding summer days the temperature was over 100 degrees with attendant discomforts and inconvenience, including food spoilage, resulting in loss of business. After requesting the defendant to correct the situation without success, the University Club proceeded to purchase and have installed an auxiliary air conditioning system. It alleges that all of the foregoing resulted in the $30,000 damages for which it sues.

The foregoing statement would normally show a basis upon which the plaintiff could recover. But the defendant interposes two special defenses. The first is grounded upon Section 29 of the lease:

If . . . Lessor fails to make any repairs or do any work required by the Lessor by the provisions of this lease, or in any other respect fails to perform any of the covenants . . . *and such default continues for a period of 30 days after written demand* for performances given by Lessee, then . . . Lessee may make such payments and cure such other defaults on behalf of Lessor and,

in connection therewith, do all work and make all payments deemed necessary by Lessee. Lessor agrees to reimburse Lessee upon demand the amounts so paid by Lessee.

Defendant urges that the foregoing provision precludes the University Club from recovery because it failed to wait the 30-day period before making the repairs. The Club's rejoinder is that it served written demand for performance on the defendant on July 22, 1969, four days after the failure; that defendant's manager informed plaintiff that it would take two to three months before the air conditioning system could be replaced. We are inclined to agree with the plaintiff's position that under such circumstances there was nothing impractical nor inimical to the interests of the defendant for the Club to take the defendant at its word, that performance within the 30 days would not be forthcoming, and that a sensible and practical solution to such a difficulty would be for the Club to rely on defendant's statement and proceed to make its own repairs, as the lease authorized after the lapse of a 30-day period. The recognized rule is that where one party definitely indicates that he cannot or will not perform a condition of a contract, the other is not required to uselessly abide time, but may act upon the breached condition.[2] Indeed in appropriate

2. See Stanford Petroleum Co. v. Janssen, 116 Utah 352, 209 P.2d 932; and Jordan v. Madsen, 69 Utah 112, 252 P. 570.

**4**

circumstances he ought to do so to mitigate damages.

The second matter of defense asserted by defendant Invesco is based on a "letter of agreement," dated July 23, 1969, by which defendant contends the Club waived any rights it may have under Section 29 of the lease quoted above. It is deemed unnecessary to set forth the entire letter. It does contain language which seems to indicate recognition that the University Club was contracting with Climate Control, Inc. for the purchase and installation of an air conditioning unit which, ". . . shall be your sole responsibility and all costs shall be borne by you." However, in connection with the signing of the letter the manager of the Club insisted that the following be added:

> It is mutually understood and agreed that this letter *does not waive any of the rights or covenants entitled to by the lessee* under its lease agreements for the premises leased in the University Club Building.

▪■ Whatever may be claimed for the content of the letter of agreement, the emphasized words just quoted seem supportive of plaintiff's contention that its intent was to stand upon its right to reimbursement under the terms of the original lease, particularly Section 29 hereinabove quoted.

The parties are in sharp disagreement as to the meaning of contract provisions set forth herein and the precedence to be given them. There is thus presented a patent case under the rule that if there is any uncertainty or ambiguity in the terms of the contract and supplemental agreements or amendments thereto the Court may allow extraneous evidence in order to determine what was the true intent of the parties.[3]

■■ We are cognizant of the values of summary judgment procedure for the purpose of saving the time, effort and expense of a trial. But as we have often said, it should be granted only when it clearly appears that there are no issues of material fact in dispute which if resolved in favor of the adverse party would entitle him to prevail.[4] From what we have said above, it should be apparent that there are such disputed issues here; and that we see no basis upon which it can be concluded that the defendant is entitled to judgment with such certainty as to deprive the plaintiff of the opportunity of presenting its evidence and having those issues determined. Accordingly, the case is remanded for trial. Costs to plaintiff (appellant). (All emphasis added.)

CALLISTER, C. J., and HENRIOD, TUCKETT and ELLETT, JJ., concur.

---

3. Milford State Bank v. West Field Canal & Irr. Co., 108 Utah 528, 162 P.2d 101; Continental Bank and Trust Co. v. Bybee, 6 Utah 2d 98, 306 P.2d 773.

4. See Housley v. Anaconda Co., 19 Utah 2d 124, 427 P.2d 390; Foster v. Steed, 19 Utah 2d 435, 432 P.2d 60; Barron & Holtzoff, Federal Practice & Procedure, Sec. 1231.