506 P.2d 1274

**E. A. RUSSELL and Martell E. Russell, Plaintiffs and Respondents,**

**v.**

**PARK CITY UTAH CORPORATION, a corporation, et al., Defendants and Appellants.**

**No. 12879.**

Supreme Court of Utah.

Feb. 28, 1973.

Gary A. Frank, of Richards & Richards, Salt Lake City, for appellant.

Arthur H. Nielsen, of Nielsen, Conder, Hansen & Henriod, Salt Lake City, for respondents.

CROCKETT, Justice:

Plaintiffs Russells, lessors of approximately 2,000 acres of land used as a skiing resort located near Park City, Utah, sued their lessee, defendant Park City Utah Corporation, seeking termination of their lease for nonpayment of rent, and for liquidated damages. Upon the basis of the pleadings, depositions and documentary evidence the trial court granted plaintiffs' motion for summary judgment. Defendant lessee appeals.

Plaintiffs and defendant's predecessor in interest entered into a ten-year lease with option to purchase on March 31, 1967. Lessee was required to pay rental of $2.50 per acre per year ($4,855.20) for the use of land to be developed as a skiing area. This annual rental payment is due November 1st of each year (the middle of the lease year). The lease contains the usual provisions for forfeiture for failure to keep its covenants. But Paragraph VIII states:

> *No default of Lessee* in any of the provisions hereof *shall constitute a basis for forfeiture* of this lease *unless the same shall continue for more than for-*

*ty-five (45) days after written notice to Lessee* specifying of what the default consists, *and in the event Lessee fails to correct said default within such further time as is reasonably necessary to cure the same,* Lessee shall quit and surrender the premises to Lessors . . . [Emphasis added.]

Defendant, Park City, Utah, failed to make the annual rent payment of $4,855.20 on November 1, 1970. Subsequent to certain communications not material here, on March 11, 1971, the plaintiffs assert that their attorney mailed a letter to the defendant stating that the rent was past due and that unless payment with interest was received "on or before 45 days from the receipt of this notice, lessors shall consider this lease terminated and cancelled." The position taken by the plaintiffs is that the mailed notice must have been received by the defendant on the next day, March 12th; and that consequently, on exactly 45 days thereafter, that is, on April 27, 1971, the forfeiture of the lease became an accomplished fact and entitled plaintiffs to possession of the property.

 Two difficulties exist with respect to plaintiffs' contention. The first is that the burden was upon the plaintiffs, who are relying on the notice to invoke the forfeiture, to prove service of the notice on the defendant, but the defendant has denied receiving the notice on that date. (Defendant's brief acknowledges that the notice was in fact received, but contends that it was sometime after April 1st.) Without burdening this decision with the detail as to this dispute of fact, we observe: that even though there is a photocopy of a receipt for certified mail signed Park City Utah Corporation, by one "Lala Gallegos" on March 12, 1971, we do not regard the evidence as necessarily compelling a finding that the defendant corporation received the notice on that date.

 The second and more important obstacle to plaintiffs' position is that the notice does not comport with the covenant in Paragraph VIII of the lease quoted above which provides for 45 days' written notice of default and such "further time as is reasonably necessary to cure the same." The notice treated the 45-day requirement as absolute. And it made no allowance for any "further reasonable time" which the covenant allowed in which to remedy the default. What constitutes a "reasonable time" is a question of fact to be determined from all of the attendant circumstances.[1] What has been said above concerning this notice and the service thereof should be considered in light of the general rule that one who seeks to invoke a forfeiture must strictly comply with the prerequisites thereof because forfeitures

1. Clevenger v. Potlatch Forests, Inc., 85 Idaho 193, 377 P.2d 794 (1963).

are not favored in the law.[2] It should be obvious that there is a disputed material issue upon which the defendant is entitled to a trial.

In view of the conclusion just stated that there should be a trial, we deem it appropriate to note the existence of other issues raised by defendant which may demand attention, depending on how the primary issues we have discussed are resolved.[3] We do so without suggesting how the facts may be found, and without giving any extensive consideration to those issues in this decision. One of these relates to the controversy which may or may not become pertinent concerning plaintiffs' entitlement to the "liquidated damages" provided for in the lease. The other is the defendant's contention that the option to purchase the property contained in the agreement is severable and could be exercised independent of any forfeiture that may or may not have occurred.

The fundamental and controlling rule in this case is that summary judgment should be granted only when it clearly appears that there are no issues of material fact in dispute which if resolved in favor of the adverse party would entitle him to prevail.[4] Applying that rule to what we have said herein it is our opinion that there should be a plenary trial and resolution of all of the issues tendered by the parties to this lawsuit. It is remanded for that purpose. Costs to defendant (appellant).

CALLISTER, C. J., and ELLETT and TUCKETT, JJ., concur.

HENRIOD, J., concurs in the result.

2. Green v. Palfreyman, 109 Utah 291, 166 P.2d 215 ; Williston, Sec. 602A, p. 333–4, 500 P.2d 1008, N 6.

3. See Rule 76(a), U.R.C.P.; LeGrand Johnson Corp. v. Peterson, 18 Utah 2d 260, 420 P.2d 615.

4. See Housley v. Anaconda Co., 19 Utah 2d 124, 427 P.2d 390 ; Barron & Holtzoff, Federal Practice & Procedure, Sec. 1231.