**Rosalind JACKSON, Plaintiff and Appellant,**

v.

**Virginius "Jinx" DABNEY, Defendant and Respondent.**

**No. 17601.**

Supreme Court of Utah.

March 18, 1982.

Michael J. Wilkins, Salt Lake City, for plaintiff and appellant.

Ray R. Christensen, Salt Lake City, for defendant and respondent.

OAKS, Justice:

Plaintiff retained two different attorneys to prevent the foreclosure and sale of her home. The home was eventually sold at foreclosure, and plaintiff was evicted. She then brought this action against both attorneys for malpractice. Plaintiff settled with one attorney, and the district court granted summary judgment in favor of the other, respondent here. Plaintiff appeals, contending that there were genuine issues of fact that required a trial of her action against respondent.

The uncontested facts established in pretrial discovery showed that plaintiff ("client") and her husband were the owners of a residence encumbered by a mortgage lien and by numerous judgment and tax liens. Plaintiff retained respondent ("attorney") in order to prevent a judgment lienholder from foreclosing. At the attorney's suggestion, the client obtained $400 cash to be used in settling the creditor's $800 judgment. Several days before the scheduled foreclosure sale, the client took the money to the attorney's office, where, in her presence, he telephoned the lawyer representing the judgment creditor. After the telephone conversation, the attorney reported to his client that the opposing lawyer had agreed "to stop the [foreclosure] sale" in exchange for payment of $400. The client left the $400 with her attorney, entrusting the matter to his care.

The attorney did nothing further to prevent the foreclosure sale. He did not deliver the money to the judgment creditor, reduce the arrangement to writing, confirm it by letter, or take any other steps to ensure that his client's home was not sold at foreclosure.

Several days after the meeting in his office, the attorney called his client and told her that her house had been sold at foreclosure. He further advised her that she could redeem the property within six months by paying the amount of the judgment debt, accrued interest, and costs, a total of approximately $1,100. The attorney offered to hold the original $400 in trust while she raised the other $700. The client rejected this suggestion, and the attorney returned the $400 to her.

The client then consulted a second attorney. After he advised her to borrow $1,300

to redeem the property, which she did, the second attorney did not effect a redemption and the redemption period expired. The client's action against this second attorney was settled for $4,000 during the trial, and is not before us on appeal.

On this appeal from the granting of summary judgment to the first attorney, the client contends that the record disclosed a genuine issue of fact, specifically, whether the defendant exercised "due care in performing the duties reasonably to be expected of an attorney under the circumstances."

 An attorney is required to possess the legal knowledge and skills common to members of his profession, *Young v. Bridwell*, 20 Utah 2d 332, 338, 437 P.2d 686, 690 (1968), and to represent his client's interests with competence and diligence. *Dunn v. McKay, Burton, McMurray & Thurman*, Utah, 584 P.2d 894, 896 (1978).

■ Ordinarily, whether a defendant has breached the required standard of care is a question of fact for the jury. *FMA Acceptance Co. v. Leatherby Insurance Co.*, Utah, 594 P.2d 1332 (1979); *Jensen v. Dolen*, 12 Utah 2d 404, 367 P.2d 191 (1962). Consequently, a motion for summary judgment should be denied where the evidence presents a genuine issue of material fact which, if resolved in favor of the nonmoving party, would entitle him to judgment as a matter of law. Utah R.Civ.P. 56(c); *Russell v. Park City Utah Corp.*, 29 Utah 2d 184, 506 P.2d 1274 (1973); *University Club v. Invesco Holding Corp.*, 29 Utah 2d 1, 504 P.2d 29 (1972).[1] A genuine issue of fact exists where, on the basis of the facts in the record, reasonable minds could differ on whether defendant's conduct measures up to the required standard. *Singleton v. Alexander*, 19 Utah 2d 292, 431 P.2d 126 (1967); *FMA Acceptance Co. v. Leatherby Insurance Co., supra*.

■ After reviewing the record in this case, we conclude that reasonable minds could differ on the question of whether the attorney's actions in this matter measured up to the standard of care required of attorneys in their professional duties. We therefore reverse the summary judgment and remand the case for trial on that issue. Costs to appellant.

HALL, C. J., and STEWART, HOWE and DURHAM, JJ., concur.

---

1. In contrast, a motion for summary judgment may be granted where the pleadings, depositions, affidavits, admissions, and answers to interrogatories, viewed in the light most favorable to the nonmoving party, show that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Utah R.Civ.P. 56(c); *Bihlmaier v. Carson*, Utah, 603 P.2d 790 (1979); *Livingston Industries, Inc. v. Walker Bank & Trust Co.*, Utah, 565 P.2d 1117 (1977).