**FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, in its corporate capacity as an instrumentality of the United States, Plaintiff,**

v.

**J. William OLDENBURG, et al., Defendants.**

**Civ. No. C–85–1418W.**

United States District Court, D. Utah, C.D.

Aug. 28, 1987.

Herschel J. Saperstein, Glen E. Davies, Salt Lake City, Utah, John R. Gall, David W. Alexander, Columbus, Ohio, for plaintiff.

Merlin O. Baker, Jonathan A. Dibble, Salt Lake City, Utah, Henry F. Field, Ronald A. Damashek, Chicago, Ill., for defendant American Federal Sav. and Loan.

Tim Dalton Dunn, Edward L. Clissold, II, Salt Lake City, Utah, for defendants MGIC Indem. Corp. American Cas. Ins. of Reading CNA Ins. Companies.

Robert A. Peterson, Salt Lake City, Utah, for defendants Eugene Miller, James R. Kennedy.

Rodney G. Snow, Neil A. Kaplan, Salt Lake City, Utah, for defendant Nicholas L. Muccino.

John H. Boone, San Francisco, Cal., Bryan L. McDougal, Salt Lake City, Utah, for defendant J. William Oldenburg.

Philip E. Handin, San Francisco, Cal., Bert L. Dart, Salt Lake City, Utah, for defendant Martin L. Mandell.

Stewart M. Hanson, Jr., Salt Lake City, Utah, Michael P. Comiskey, Chicago, Ill., for defendant Federal Ins.

Harold G. Christensen, Max .D. Wheeler, Salt Lake City, Utah, David E. Bordon, Michael B. McGeehon, San Francisco, Cal., Richard S. Nemelka, Salt Lake City, Utah, for other defendants.

James W. Rossetti, pro se.

James W. Rossetti, pro se.

Anthony T. Pontarelli, pro se.

Nicholas L. Muccino, pro se.

Charles H. Burgardt, pro se.

Bryan O. Wilkinson, pro se.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

Federal Insurance Company ("Federal") has filed a motion to dismiss plaintiff's, Federal Savings and Loan Insurance Corporation ("FSLIC"), complaint. This court heard the motion on August 21, 1987. Plaintiff was represented by John R. Gall. Defendant was represented by Michael P. Comiskey. Prior to the hearing the court had read all memoranda filed for and against the motion. After taking the motion under advisement, this court has further considered the law and the facts relating to this motion and now renders the following memorandum decision and order.

Federal's motion to dismiss is based on Fed.R.Civ.P. 12(b)(6) which provides for the dismissal of any complaint which fails "to state a claim upon which relief can be granted." It is only proper to dismiss a complaint for failure to state a claim when the plaintiff can prove no set of facts which would entitle the plaintiff to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984).

Federal contends that FSLIC's claim is based entirely on an insurance contract which Federal issued to State Savings,[1] and the insurance policy does not provide cover-age in this case. The parties have raised four issues in this motion and this court will consider the four issues in the order they were presented.

### Discussion

Issue 1. *Whether endorsement 2 of the insurance policy prohibits any claim made by FSLIC.*

Endorsement No. 2 of the Federal/State Savings Insurance policy provides:

It is understood and agreed that the company shall not be liable to make any payment for loss in connection with any claim made against the directors or officers based upon or attributable to any claim, action or proceeding brought by or on behalf of the Federal Home Loan Bank Board, any other similar organization, or any other national or state bank, regulatory agency, whether such claim, action or proceeding is brought in the name of such regulatory agency or by or on behalf of such regulatory agency in the name of any other entity.

Federal Insurance Company contends that endorsement No. 2 entirely and absolutely bars any claim made by the FSLIC and the capacity in which FSLIC claims it is suing does not effect the applicability of the exclusion. Thus, Federal is contending that since FSLIC is bringing this suit endorsement No. 2 bars this action.

The government in response to Federal's claim contends that: (1) the language in endorsement No. 2 is ambiguous and does not preclude claims by FSLIC and (2) endorsement No. 2 if construed as Federal wishes the endorsement construed is void for public policy reasons. Because construing endorsement No. 2 as Federal construes the endorsement violates public policy this court will not consider the ambiguity argument.

*The Public Policy Argument*

■ The Federal Home Loan Bank Board has the express statutory authority to make rules and regulations for associa-

---

1. FSLIC as the receiver of State Savings' assets transferred the insurance policy at issue to FSLIC in it corporate capacity. It is in this corporate capacity that FSLIC is bringing this action.

tions in conservatorship and receivership. 12 U.S.C. § 1464(d)(11) (Supp.1987). Pursuant to this authority, it has adopted regulations pertaining to the powers and rights of conservatorships and receiverships. These regulations state in pertinent part:

A conservator shall have all the powers of the association's members, officers, and directors; a receiver shall, without further action, succeed to the rights, titles and privileges of the association. 12 Cfr. § 547.7.

The conservator shall immediately collect all obligations in money due the association and may ... exercise all rights and powers of the association or execute, acknowledge and deliver any instrument necessary or proper for any purpose, and any instruments so executed shall be as valid and effectual as if it had been executed by the association's officers by authority of its Board of Directors. 12 Cfr. § 548.2(b) and (h).

The receiver shall collect all obligations and money due the association. The receiver may with respect to the association, exercise the powers which a conservator of a federal association may exercise under paragraphs (a) through (f) of section 548.2. 12 Cfr. § 54.3

These provisions like all duly promulgated regulations have the full force and effect of law. *See First Federal Savings and Loan Association v. Myrick,* 533 F.Supp. 1041, 1045 (W.D.Ark.1982); *FHLBB v. Superior Court of Arizona,* 494 F.Supp. 924, 925 (D.C.Ariz.1980).

■ Furthermore, the enabling legislation for FSLIC recognizes the rights of the FSLIC as a conservator or receiver to succeed to all the rights of the insured institution. Specifically, section 1729 provides:

Liquidation of insured institutions

(b) Powers of Corporation (FSLIC) on default of Federal Savings and Loan Associations

(1) In the event that a Federal association is in default, the Corporation shall be appointed as conservator or receiver and as such—

(A) is authorized—

(i) *to take over the assets of and operate such association;*

(ii) to take such action as may be necessary to put it in a sound solvent condition;

(iii) to merge it with another insured institution;

(iv) to proceed to liquidate its assets in an orderly manner; or

(v) to make such other disposition of the matter as it deems appropriate; whichever it deems to be in the best interest of the association, its savers, and the Corporation; and

(B) shall pay all valid credit obligations of the association.

\* \* \* \* \* \*

(d) Additional powers of Corporation

In connection with the liquidation of insured institutions, the Corporation shall have power to carry on the business of and to *collect all obligations to the insured institutions,* to settle, compromise, or release claims in favor of or against the insured institutions, and to do *all* other things that may be necessary in connection therewith, *subject only to the regulation of the Federal Home Loan Bank Board....* 12 U.S.C. § 1729 (1935) (emphasis added)

Thus, there is a strong policy expressed by not only the statute but by applicable federal regulations that the FSLIC as receiver have all the rights and claims that State Savings would have had.

■ Federal has argued that State Savings bargained away the rights of the FSLIC to bring a policy claim. Federal's argument misses the point. The question is not whether State Savings attempted to bargain away the rights of the FSLIC to carry out its statutory function; the question is whether public policy will allow State Savings to bargain away the rights of the FSLIC to carry out its statutory function.

Contractual provisions which are contrary to the terms and policy of a statute are illegal and unenforceable. *Connolly v. Union Sewer Pipe Company,* 184 U.S. 540, 22 S.Ct. 431, 46 L.Ed. 679 (1902). *See*

*also, Kaiser Steel Corp. v. Mullins,* 455 U.S. 72, 83–84, 102 S.Ct. 851, 859–60, 70 L.Ed.2d 833 (1982). This is especially true with respect to provisions in insurance policies. *Imperial Enterprises, Inc. v. Fireman's Fund Insurance,* 535 F.2d 287, 290 (5th Cir.1976); *Farmers Insurance Exchange v. Call,* 712 P.2d 231 (Utah 1985).

In *Farmers Insurance Exchange* the insured injured her son in an automobile accident. The insured had an automobile policy with Farmers which excluded claims by members of the insured's household. When the insured's husband brought a claim on behalf of the injured child Farmers refused coverage based on the household exclusion. In an action against Farmers the court refused to enforce the household exclusion because of Utah's Safety Responsibility Act, Utah Code Ann. 41–12–21 (1981), which mandates minimum liability coverage for all insurance policies used as security for the registration and operation of motor vehicles in Utah. Farmers in that case argued that since the contract between the parties contained a household exclusion the court should not rewrite the contract and require the insurance company to pay for a risk which they did not assume. The court in *Farmers,* while acknowledging that an insurer has the right to contract with an insured as to the risks it will or will not assume, refused to apply the household exclusion. The court specifically held that if a statutory law or public policy is violated the court can refuse to enforce an exclusion in an insurance policy.

█ This case is similar to *Farmers* in that the contract between the parties contains a FSLIC Exclusion. Generally this court would give the parties the right to decide what risks will or will not be assumed. However, in this case enforcing endorsement 2 as Federal suggests would so seriously hamper the FSLIC in carrying out its duties that public policy prevents this court from enforcing the endorsement in the manner suggested by Federal. Therefore, endorsement No. 2 does not prevent the FSLIC from bringing this action.

*Issue 2. Whether there is a case or controversy so that an opinion at this time would be more than advisory.*

█ A federal district court does not have power to grant a declaratory judgment unless an "actual controversy" exists. United States Const. Art. 3 § 2. Federal points to the following two provisions in the insurance policy and claims that there is not presently an actual controversy.

The Company shall pay on behalf of each of the Insured Persons [the directors or officers of State Savings] all Loss, for which such insured Person is not indemnified by the Insured Organization, and which such Insured Person becomes legally obligated to pay on account of any claims(s) made against him, individually or otherwise, during or after the Policy Period for a Wrongful Act. (This will be referred to as Clause 1.)

\* \* \* \* \* \*

The Company shall pay on behalf of the Insured Organization [State Savings] all Loss for which the Insured Organization grants indemnification to each Insured Person, as permitted or required by law, which such Insured Person has become legally obligated to pay.... (This will be referred to as Clause 2.)

Federal contends that as a condition precedent to its duty to pay, under insuring Clause 1, the directors must have paid for a loss, or State Savings, under insuring Clause 2, must indemnify the directors for a loss. Federal argues that since the conditions precedent to its duty to pay have not occurred there is no controversy ripe for a decision at this time.

█ The government claims that Federal anticipatorily repudiated the insurance contract, and thus an actual controversy exists.

(a) Has Federal anticipatorily repudiated the insurance policy?

When a party to a contract definitely indicates that he or she will not perform the other party may bring an immediate action on the contract even if a condition precedent to the repudiating party's performance has not occurred. *University*

*Club v. Invesco Holding Corporation,* 29 Utah 2d 1, 504 P.2d 29 (1972).

Prior to FSLIC's filing the first amended complaint Federal's counsel sent the following letter to FSLIC:

Federal Insurance Company has instructed us to tell you and the insureds that it declines to acknowledge any coverage whatever for the claims made in the complaint.

The complaint referred to in the letter alleged that the directors had committed wrongful acts which if proved would be the basis for coverage.[2] The letter was a definite statement of an intent not to perform sent to the insured when there was a claim pending. As such Federal anticipatorily repudiated the contract and FSLIC's action for a declaratory judgment presents this court with an actual controversy.

Issue 3. *Does the FSLIC have standing to bring a claim on Clause 1 of the insurance policy?*

 Clause 1 of the insurance policy requires Federal to pay on behalf of the officers or directors of State Savings losses which the directors or officers become legally obligated to pay on account of any claim made against the officer individually or otherwise. Federal contends that since the officers and directors are the only insured persons under Clause 1, the FSLIC does not have standing to bring an action on Clause 1. Absent a direct action statute a tort victim cannot bring a direct action against the tortfeasor's insurance company. *Caster v. Board of Education of Albuquerque,* 86 N.M. 799, 527 P.2d 1217 (1974). Thus, if FSLIC's only claim to standing was that they are the injured party suing the tortfeasor's insurance company FSLIC would lack standing.

However, FSLIC has all the rights of State Savings. State Savings purchased the insurance policy for the benefit of the directors and officers. Even though the

effect of this action is to allow FSLIC to receive a declaration that the directors FSLIC is suing have insurance coverage for their wrongful acts, procedurally FSLIC is bringing this action as the contracting party seeking to enforce the third party beneficiary rights of the directors. A person who makes a contract for the benefit of a third party can enforce the contract. 17 Am.Jur.2d Contracts § 297 (1964).

Since Federal has denied all coverage for all defendants under the policy FSLIC has standing to seek a declaration that the officers and directors of State Savings have coverage under the insurance policy. From the record before this court it appears that if FSLIC can prove the directors committed any wrongful acts Federal will have a duty to pay the directors pursuant to Clause 1 of the insurance contract.

Issue 4. *Can the FSLIC enforce Clause 2 of the policy?*

 Insuring Clause 2 required Federal to pay on behalf of State Savings any loss which State Savings incurs as a result of indemnifying officers or directors for a wrongful act. FSLIC has all the right which State Savings had in the insurance policy. Since this court has held that endorsement No. 2 does not prevent the FSLIC from bringing this action FSLIC can enforce Clause 2 to the same extent that State Savings could have. We note at this time that the FSLIC will have to indemnify or agree to indemnify the officers or directors up to policy limits before Federal's duty to pay under the policy will become due.

*Conclusion*

Defendant, Federal's, motion for summary judgment is denied. Specifically, endorsement No. 2 if construed as Federal suggests would violate public policy. Plaintiff, FSLIC's request for a declaration

---

**2.** The policy defines wrongful acts as:
Wrongful Act means any error, misstatement or misleading statement, act or omission, or neglect or breach of duty committed, attempted or allegedly committed or attempted by

any insured Person, individually or otherwise, in the discharge of his duties to the Insured Organization in his Insured Capacity, or any matter claimed against him solely by reason of his serving in such Insured Capacity....

that Clause 1 of the insurance contract can be enforced by the directors and Clause 2 can be enforced by FSLIC against Federal is granted. This memorandum will serve as the order of the court and counsel need not submit an order.