AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, et al., Defendants.

No. C 86–4018.

United States District Court, N.D. Iowa, W.D.

Oct. 5, 1988.

**312**

Dennis R. Ringgenberg and David R. Crary (trial counsel—not present at conference), Crary, Huff, Clem, Raby & Inkster, P.C., Sioux City, Iowa, David M. Gische and Robert M. Pozin, Ross, Dixon & Masback, Washington, D.C., for plaintiff American Cas. Co. of Reading, Pennsylvania ("American Casualty").

Robert V. Ginn and Mark J. Daly, Heron, Burchette, Ruckert & Rothwell, Omaha, Neb., for defendant Federal Deposit Ins. Corp. (the "FDIC").

Marvin F. Heidman and Gregg E. Williams, Erdsmoe, Heidman, Redmond, Fredregill, Patterson & Schatz, Sioux City, Iowa, for defendant Gunnar E. Hanson.

Dan Connell, Storm Lake, Iowa, for defendant Gerald R. Jensen.

Thaddeus Cosgrove, Holstein, Iowa, for defendant Chester G. Sjoberg.

John H. Cook and John H. Cook, Jr., Cherokee, Iowa, for defendants Vernon Peterson and Eric Gustafson.

John J. Greer and Michael R. Bovee, Spencer, Iowa, for defendants John Christensen, John W. Christensen, Jr., and Donald M. Wieland.

Michael G. Tolzin, Luverne, Minn., for defendant Michael G. Tolzin.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

This matter is before the court on plaintiff's resisted renewed motion for summary judgment. A hearing was held and plaintiff was asked to prepare a proposed order. Defendants were asked to respond to plaintiff's proposed order. After carefully considering the briefs, oral arguments, proposed order and comments, it is the decision of this court that plaintiff's renewed motion for summary judgment is denied.

At this point it is useful to again restate the standards governing consideration of summary judgment motions. "Summary judgment is appropriate only when there is *no* genuine issue of material fact, so that the dispute may be decided on purely legal grounds." *Agristor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987) (emphasis in original), *citing Holloway v. Lockhart*, 813 F.2d 874, 878 (8th Cir.1987). In deciding as a matter of law whether factual conflicts exist, the court "is required to view the evidence in the light most favorable to the non-moving party and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts." *Agristor v. Farrow, supra*, 826 F.2d at 734 (citations omitted).

Once a motion for summary judgment has been made and properly supported, the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Burst v. Adolph Coors Co.*, 650 F.2d 930, 932 (8th Cir.1981); *Security National Bank v.*

*Belleville Livestock Commission Co.*, 619 F.2d 840, 848 (10th Cir.1980). Where the moving party establishes the absence of any genuine issue of material fact and the opposing party submits no evidence in rebuttal, summary judgment is justified. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *City of Mount Pleasant, Iowa v. Associated Electric Cooperative*, 838 F.2d 268, 273-4 (8th Cir.1988).

### FACTS

This is an action by plaintiff, American Casualty Company of Reading, Pennsylvania, against the Federal Deposit Insurance Corporation (FDIC) and nine former directors and officers of the Farmers National Bank of Aurelia, Iowa (Bank). American Casualty seeks a declaratory judgment determining the rights and obligations of the parties under Directors' and Officers' Liability Insurance Policy including Bank Reimbursement No. 04743DA01 (the 1984 Policy or the Policy) issued to the Bank for the period from February 27, 1984 to February 27, 1985.

The 1984 Policy contains two provisions at issue here. Endorsement No. 2 to the Policy referred to in this order as the "FDIC Exclusion" provides:

It is understood and agreed that the insurer shall not be liable to make any payment for the loss in connection with any claim made against the directors or officers based upon or attributable to any action or proceeding brought by or on behalf of the Federal Deposit Insurance Corporation, the Federal Savings and Loan Insurance Corporation, any other depository insurance organization, the Comptroller of the Currency, the Federal Home Loan Bank Board, or any other national or state regulatory agency (all of said organizations and agencies hereinafter referred to as "agencies"), including any type of legal action which such agencies have the legal right to bring as receiver, conservator, liquidator or otherwise; whether such action or proceeding is brought in the name of such agencies or by or on behalf of such agencies in the name of any other entity or solely in the name of any third party.

Endorsement No. 3, referred to in this order as the "Insured v. Insured Exclusion," provides:

It is understood and agreed to that the insurer shall not be liable to make any payment for loss, as defined in clause 1(d) hereof, which is based upon or attributable to any claim made against any director or officer by any other director or officer or by the institution defined in clause 1(a) of the policy (hereinafter called "institution"), except for a shareholder's derivative action brought by a shareholder of the institution other than an insured.

On June 21, 1984, the Bank failed. The FDIC became receiver of the Bank. The FDIC assigned to itself in its corporate capacity certain of the Bank's assets, including all claims the Bank might have against its former directors and officers for conduct resulting in losses to the Bank.

In December 1985, the FDIC sued nine of the former directors and officers of the Bank, seeking recovery for negligence, breach of duty, breach of contract and other wrongful conduct that resulted in loss to the Bank. That action, the "FDIC suit," is currently pending before this court. *FDIC v. Christensen, et al.*, No. C 85-4217.

The director and officer defendants in the FDIC suit demanded that American Casualty defend the claims asserted against them and provide coverage under the Policy. American Casualty then filed this action, seeking a declaratory judgment that the Policy does not provide coverage for the FDIC suit and that the insurer has no duty to defend in that case.

By order dated March 11, 1987, 677 F.Supp. 600 (1987), the court granted American Casualty's initial motion for summary judgment on the duty-to-defend issue. The court held that, although clause 5(c) of the Policy provides American Casualty with the discretion to advance defense expenses to directors and officers, the Policy does not require such advancement. The court further held that, although the Policy may require American Casualty to reimburse

the directors and officers for their expenses in defending the FDIC suit if the directors and officers ultimately establish coverage, the Policy does not require American Casualty to defend the FDIC suit. Order dated March 11, 1987 at p. 606. The duty-to-defend issue is no longer before this court.

With respect to the coverage issue, the court denied American Casualty's motion for summary judgment. The court permitted the parties, however, to take additional discovery on the circumstances surrounding the inclusion of the two endorsements in the Policy and on the defendants' affirmative defenses of reasonable expectations, implied warranty, and unconscionability. That discovery has now been completed.

In reurging their motion for summary judgment, the plaintiff argues that:

1. Undisputed extrinsic evidence establishes that the FDIC exclusion must be interpreted to exclude coverage for suits brought by the FDIC.

2. John Christensen, Jr. was the agent of the Bank and its directors and officers for the purpose of receiving notice of the Policy terms and conditions.

3. The affirmative defenses of reasonable expectations, implied warranty, and unconscionability do not apply because the insureds knew that the regulatory exclusion would bar coverage for suits brought by the FDIC.

4. The FDIC Exclusion does not violate public policy.

5. The court has already ruled that the Insured v. Insured Exclusion is not ambiguous.

6. Summary judgment is appropriate because there are no triable issues of material fact.

The court will address these arguments in sequence.

■ 1. Undisputed extrinsic evidence establishes that the FDIC exclusion must be interpreted to exclude coverage for suits brought by the FDIC.

To support this contention, plaintiff states that Defendant John Christensen, Jr. made handwritten notes of a conversation with Loa Stewart of IBIS which confirms that he was specifically told that lawsuits by regulatory agencies such as FDIC would be excluded from coverage. Handwritten notes in a margin are not sufficient evidence to indicate that as a matter of fact, John Christensen, Jr. understood the regulatory exclusion to mean what plaintiff says it means. Mr. Christensen's knowledge and intent remain a factual issue inappropriate for summary judgment.[1] Whether or not John Christensen, Jr. understood the regulatory exclusion of the Insured v. Insured Exclusion is still an issue of material fact which precludes the granting of a motion for summary judgment.[2]

■ 2. John Christensen, Jr. was the agent of the Bank and its directors and officers for the purpose of receiving notice of the Policy terms and conditions.

Plaintiff argues that the applications for both the 1981 Policy and the 1984 Policy designated John Christensen, Jr. as "agent of the Bank and of all insured directors and officers to receive any and all notices from the insurer or their authorized representative(s) concerning this insurance." As further reason to believe that John Christensen, Jr. had the authority to act as agent for the other directors plaintiff states:

1. Mr. Christensen told Mr. Carr to deal with Mr. Christensen, Jr. on insurance matters.[3]

2. Mr. Christensen, Jr. had been listed as the agent to receive notice on both the 1984 Policy application and the 1981 Policy application.

3. None of the other directors and officers was involved in obtaining the 1984

**1.** *See Banque Paribas v. Hamilton Industries International, Inc.*, 767 F.2d 380, 383 (7th Cir. 1985) ("A contract dispute cannot be resolved on summary judgment when the meaning of the contract depends on the interpretation of ambiguous documents and can be illuminated by oral testimony").

**2.** *See* Affidavit of John W. Christensen, Jr. (Clerk's Memorandum of Papers No. 67 filed 8/27/86).

**3.** *See* Carr Deposition 23, 26, 125, 144.

Policy.[4]

4. It was Mr. Christensen who supplied the answers to the questions on the application.[5]

Plaintiff argues that the foregoing proves there is no issue of material fact as to whether or not John Christensen, Jr. was the agent for other directors and officers in regard to the insurance policy. It is undisputed fact that John Christensen, Jr. was authorized to obtain the 1984 Policy on behalf of the Bank, but this fact does not, as a matter of law, lead to the conclusion that John Christensen, Jr.'s alleged interpretation or understanding of the Policy should be extended and imputed to the other officers and directors of the Bank, especially when John Christensen, Jr. stated in his affidavit that he was unclear as to the provisions. The consequences of whether or not an agency relationship existed are additional questions of fact which must be determined at trial, and the nature, scope, and duration of an agency relationship are inherently issues of material fact. This was recently reiterated by the Iowa Supreme Court in *Kanzmeier v. McCoppin*, 398 N.W.2d 826 (Iowa 1987), which stated:

> The burden of proving an agency relationship is upon the party asserting its existence. *Chariton Feed & Grain, Inc. v. Harder*, 369 N.W.2d 777, 789 (Iowa 1985). 'An agency results from the manifestation of consent by one person, the principal, that another, the agent, shall act on the former's behalf and subject to his control, and consent by the other so to act.' "

398 N.W.2d at 830. The issue of an agency relationship for purposes of the 1984 Policy and the consequences flowing from this relationship are issues of material fact which preclude the granting of plaintiff's motion for summary judgment.

■ 3. The affirmative defenses of reasonable expectations, implied warranty, and unconscionability do not apply because the insureds knew that the regulatory exclusion would bar coverage for suits brought by the FDIC.

This court has held previously that what the defendants knew or did not know and the consequences of their knowledge is an issue of material fact which precludes the granting of plaintiff's motion for summary judgment. Therefore, it is not necessary to address defendants' affirmative defenses at this time.

■ 4. The FDIC Exclusion does not violate public policy.

Plaintiff asks the court to declare as a matter of law that the FDIC Exclusion in question does not violate public policy. The interpretation and effect of this exclusion are still matters of fact that have precluded the granting of a motion for summary judgment for plaintiff. Whether or not the exclusion is against public policy or not will depend in large part on how or what effect it is ultimately given. The defendants cite *FSLIC v. Oldenburg*, 671 F.Supp. 720 (1987), wherein the court focused on "the question ... whether public policy will allow [the Savings and Loan Association] to bargain away the rights of the FSLIC to carry out its statutory function." Defendant FDIC suggests that to permit culpable bank managers to agree with an insurance company that coverage of wrongful acts by bank management will exclude such wrongful acts as result in losses later pursued by FDIC impedes the FDIC's performance of its statutory duties. Defendant FDIC asks that the court refuse to enforce the regulatory exclusion if it is ultimately interpreted to exclude suits by the FDIC. The question of public policy must await further interpretation of the regulatory exclusion itself. The interpretation of this exclusion and its consequences remains a question of material fact which precludes the granting of plaintiff's motion for summary judgment on this issue.

■ 5. The court already has ruled that the Insured v. Insured Exclusion is not ambiguous.

---

**4.** *See* Christensen Deposition at 30.

**5.** *See* Christensen Deposition at 21–22.

The court in the previous order held that the Insured v. Insured endorsement unambiguously excludes actions by the FDIC against officers and directors of the Bank. Subsequently, the FDIC amended its complaint to clarify that it has sued the insureds on its own behalf as a creditor, as a representative of other creditors of the Bank, and on behalf of the shareholders of the Bank. FDIC argues that discovery has further shown that the underlying purpose for the Insured v. Insured endorsement is to prevent collusive suits brought by bank management against its own directors and officers. FDIC urges that its action against the failed bank's former officers and directors is analogous to a shareholder's derivative action. The court finds merit in this argument. The FDIC has brought an action against the officers and directors for failure to adequately discharge their duties to the Bank and the injuries resulting from this failure. The gravamen of a shareholder's derivative suit is that corporate mismanagement caused a breach of duties owed to the Bank and this breach damaged the shareholders. American Casualty contends that FDIC fits the definition of an insured under the Insured v. Insured endorsement and that FDIC is attempting to step into the shoes of the failed bank.

Courts which have analyzed the role of FDIC corporate have recognized for over forty years that the FDIC does not strictly "step into the shoes" of a failed bank. *See, e.g., D'Oench, Duhme and Co., Inc. v. FDIC,* 315 U.S. 447, 472–73, 62 S.Ct. 676, 686, 86 L.Ed. 956 (1942):

> The corporation was created and financed in part by the United States to bolster the entire banking and credit structure, *the corporation did not simply step into the private shoes of local banks.... Under the Act the corporation has a dual relation of creditor or potential creditor and of supervising authority toward the insured bank.*

(Emphasis added.) This fundamental principle has been regularly recited and remains the law today.

The FDIC holds and preempts all causes of action on behalf of the Bank, the creditors of the Bank, the shareholders of the Bank, and the receiver of the Bank. The FDIC's amended complaint and the underlying action against the officers and directors of the Bank clearly indicates that it is not bringing this action in "the Bank's shoes." While the FDIC may be the assignee of such claims as the Bank could have brought, it is also, in its own right, primarily the holder of and successor in interest to a multitude of other interests and claims and is suing in the Christensen action in that context as well.

Considering the many facets of FDIC in its capacity as "receiver" of a bank, and taking into consideration the different roles that FDIC contends the term "receiver" encompasses, there are issues of material fact as to whether or not FDIC fits within the Insured v. Insured Exclusion. These issues of material fact concerning the role of FDIC preclude the granting of a motion for summary judgment on this issue.

Finally, plaintiff asserts that summary judgment is appropriate because there are no triable issues of material fact in this case. The court finds as follows:

1. Extrinsic evidence does not establish that the FDIC Exclusion must be interpreted to exclude coverage for suits brought by the FDIC. Plaintiff's motion for summary judgment as to this issue is denied.

2. Issues of material fact exist as to whether or not John Christensen, Jr. was the agent of the Bank and its officers and directors for the purpose of receiving notice of the Policy terms and limitations. Plaintiff's motion for summary judgment as to this issue is denied.

3. In order for the affirmative defense of reasonable expectations, implied warranty, and unconscionability to be unavailable to defendants, the court would have needed to have granted plaintiff's motion for summary judgment to hold that the regulatory exclusion barred coverage for suits brought by the FDIC. The court did not grant plaintiff's motion for summary judgment on the regulatory issue; therefore,

motion for summary judgment on the affirmative defenses is not available.

4. As to the issue of whether or not the FDIC Exclusion violates public policy, it would be premature to grant a motion for summary judgment on this issue as the effect of the exclusion as such is still a matter of disputed fact.

5. On the issue of whether or not the Insured v. Insured Exclusion is ambiguous, the court denies plaintiff's motion for summary judgment as to this issue. There remain issues of material fact as to FDIC's capacity in this situation.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is denied.