UNITED STATES COURT OF APPEALS

**Filed 10/9/96**

FOR THE TENTH CIRCUIT

KATHY LYNNE THURSTON,
Individually and as Personal
Representative of the estate of her
husband CURTIS LEO THURSTON,
Deceased, and as parent and natural
guardian of their minor children,
Jedediah, Jessica Lynne and Cody,

       Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

       Defendant-Appellee.

No. 95-4111
(D.C. No. 94-CV-34)
(D. Utah)
(888 F. Supp. 1100)

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff sued the government under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-2680, for the death of Curtis Thurston in an airplane crash, alleging the air traffic controllers were negligent. Mr. Thurston was plaintiff's husband and the father of their children. Following a six-day bench trial, the district court entered judgment in defendant's favor finding that the air traffic controllers were not negligent in their handling of Mr. Thurston. Thurston v. United States, 888 F. Supp. 1100, 1108 (D. Utah 1995). We affirm.

Mr. Thurston was killed when the small aircraft he was piloting crashed into the mountainside near Salt Lake City, Utah, on January 16, 1993. He was authorized to pilot an airplane under visual flight rules (VFR). See generally 14 C.F.R. §§ 91.151 through 91.159 (visual flight rules). While aloft, Mr. Thurston encountered adverse weather conditions that made it difficult or impossible for him to see where he was going. He contacted air traffic control at Salt Lake City International Airport to request directional assistance, or vectors, but did not reveal to the air traffic controllers, either by words or tone of voice, that he was not in VFR conditions. When the air traffic controller discovered that Mr.

Thurston was not in VFR conditions, he treated the situation as an emergency and gave Mr. Thurston a vector away from the mountain, but Mr. Thurston crashed into the mountain a few seconds later. For a complete statement of the facts, see the district court's findings of fact. Id. at 1102-08.

On appeal, plaintiff claims (1) the air traffic controllers breached their duty to advise Mr. Thurston of the current weather in Ogden, Utah, and in failing to pass information from the first controller to the second; and (2) the air traffic controllers should have treated Mr. Thurston's situation as an emergency because he was a VFR pilot who stated twice that he could not see something on the ground.

The parties do not dispute that Utah negligence law applies, see Tinkler v. United States ex rel. FAA, 982 F.2d 1456, 1466 (10th Cir. 1992), that Mr. Thurston and the air traffic controllers were presumed to know the applicable laws and regulations governing air travel, see Heckler v. Community Health Services, 467 U.S. 51, 63 (1984), or that the duty owed by the air traffic controllers to Mr. Thurston was one of "reasonable care," see Yates v. United States, 497 F.2d 878, 883 (10th Cir. 1974).

"Ordinarily, whether a defendant has breached the required standard of care is a question of fact . . . ." White v. Deseelhorst, 879 P.2d 1371, 1374 (Utah 1994)(quoting Jackson v. Dabney, 645 P.2d 613, 615 (Utah 1982)). Accordingly,

plaintiff's claims that the air traffic controllers breached their duty of care to Mr. Thurston are challenges to the district court's findings of fact. We review the district court's factual findings for clear error, giving due regard for the district court's opportunity to judge the witnesses' credibility. Fed. R. Civ. P. 52(a). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985).

Plaintiff argues that the air traffic controllers were negligent in failing to inform Mr. Thurston of the weather conditions at the Ogden airport. When he first contacted air traffic control at the Salt Lake City International Airport, Mr. Thurston requested a vector to land at Salt Lake City. Air traffic controller Wolverton informed him of a thirty minute delay to land at Salt Lake City. Mr. Thurston then asked for a vector to Bountiful, Utah. Mr. Wolverton asked if he could see Bountiful, to which Mr. Thurston replied, "negative, if possible ah can you vector me to Ogden. Ogden is reporting three miles." Aplt. app. vol. I at 57; R. suppl. vol. II at 180. Mr. Thurston's statement meant that he understood that Ogden weather was VFR, providing three miles' visibility. Mr. Wolverton then instructed him to stay east of the freeway, and advised him to transfer to another radio frequency for assistance from another air traffic controller, Mr. Miller. In fact, Ogden weather was much worse than Mr. Thurston believed, and the air

traffic controller had the Ogden weather conditions on a monitor at his work station. Plaintiff maintains that Mr. Thurston's statement, "Ogden is reporting three miles," required the air traffic controller to inform him of the Ogden weather report on the controller's monitor.

Mr. Thurston did not ask for a weather report. Evidence was adduced at trial that if Mr. Thurston had called for a weather briefing before he took off, he would have learned that the weather in Ogden was not VFR. R. suppl. vol. IV at 467-69. Mr. Thurston also had available over his airplane radio a weather service from which he could have obtained the current Ogden weather. Air traffic coordinator Jefferson testified that he assumed that Mr. Thurston had current weather information. R. suppl. vol. V at 678. Furthermore, nothing in Mr. Thurston's transmissions indicated that he could not see the landmarks due to bad weather, or that he was otherwise in danger. Authorities stating an air traffic controller's duty to provide weather information where the pilot is under the controller's direction, e.g., DeWeese v. United States, 576 F.2d 802, 803, 805 (10th Cir. 1978), or where the pilot has requested weather information, see, e.g., Webb v. United States, 840 F. Supp. 1484, 1491 (D. Utah 1994), are inapposite. In the absence of a request for weather information or a pilot's statement that he is hindered by weather conditions, we cannot say that the district court's view of the evidence is clearly erroneous.

We also reject plaintiff's argument that Mr. Wolverton was negligent by not informing Mr. Miller, the second controller, that Mr. Thurston had requested vectors and could not see the freeway. There was evidence that conversation between controllers is often distracting, and that Mr. Miller would have been required to obtain Mr. Thurston's intentions directly from him, even if Mr. Wolverton had informed him of Mr. Thurston's prior requests. Therefore, the district court's finding that the air traffic controllers were not negligent because they did not give Mr. Thurston the Ogden weather information or discuss his situation was not clearly erroneous.

Next we address plaintiff's claim that the air traffic controllers should have treated Mr. Thurston's situation as an emergency when he stated twice that he could not see landmarks on the ground. They assert that the controllers should have understood from those statements that he was not in VFR conditions. Plaintiff's argument is premised on the deposition testimony of Ms. Hinz, the air traffic supervisor on duty at the time of the accident. She stated in her deposition that if a VFR pilot said twice that he could not see something on the ground, that indicates that the aircraft is not necessarily in an emergency, but has a problem to be dealt with by the controller. R. suppl. vol. I at 71. At trial, however, Ms. Hinz clarified that the treatment of such a situation should be based on the controller's judgment. Id.

Evidence was adduced at trial that a VFR pilot's statement that he cannot see something on the ground does not necessarily indicate a problem; the pilot might be looking the wrong way, or be executing a turn so that the object is obscured, or a fog might have come in between the aircraft and the ground. In this case, when Mr. Thurston said he could not see the freeway, Mr. Wolverton said the freeway was west of him, to which Mr. Thurston replied that he would proceed west. Radar information indicates that he did proceed west at that point.

The pilot has the ultimate responsibility for the safety of his airplane. Cappello v. Duncan Aircraft Sales, 79 F.3d 1465, 1469 (6th Cir. 1996); see also 14 C.F.R. § 91.3(a) ("The pilot in command of an aircraft is directly responsible for, and is the final authority as to, the operation of that aircraft."). Mr. Thurston, a VFR pilot, failed to inform air traffic control that he was not in VFR conditions. "The controller had a right to assume that, in the absence of evidence to the contrary, conditions [at the airplane's location] were such that the aircraft could operate under visual flight rules." Redhead v. United States, 686 F.2d 178, 183 (3d Cir. 1982), cert. denied, 459 U.S. 1203 (1983). The parties do not dispute that an emergency takes precedence over other air traffic, and if Mr. Thurston had indicated in any way that he was in trouble, including using the words "emergency," "Mayday," or "help," the air traffic controller would have given his situation top priority. Because Mr. Thurston did not indicate that bad weather

-7-

prevented him from seeing the ground, the controllers were entitled to assume that he was in VFR conditions, able to navigate on his own. In view of our determination that a pilot's statement that he cannot see landmarks does not necessarily indicate a problem, we need not address plaintiff's challenge to the evidence that Mr. Thurston's statement was blocked by a radio transmission from another aircraft. The district court's ruling on this issue is not clearly erroneous.

We have reviewed the trial transcripts, the appendices, and the briefs submitted by the parties. We conclude that the district court's findings of fact, based on the record considered as a whole, are not clearly erroneous.

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge